MEMORANDUM **
Christopher J. Hightower (“Hightower”) appeals the district court’s denial of his petition for a writ of habeas corpus, which challenges his conviction for rape in violation of California Penal Code § 261(a)(2) and forcible oral copulation in violation of California Penal Code § 288a.[1] Because the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”) governs this case, we may grant relief only if the last reasoned decision of the state court dismissing Hightower’s petition was “contrary to, or involved an unreasonable application of, clearly established Federal law,” or “was based on an unreasonable determination of the facts.” 28 U.S.C. § 2254(d); Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). We review the district court’s order de novo, Harris v. Carter, 515 F.3d 1051, 1054 (9th Cir.2008), and we affirm.
Hightower contends that alleged prose-cutorial misconduct violated his due process right to a fair trial, arguing specifically that the prosecutor (1) improperly prepared witnesses in a joint session, (2) failed to inform him of this joint preparation and thereby withheld impeaching evidence necessary to his defense, and (3) misled the jury in closing argument by stating that the two witnesses did not know each other.[2]
*254 The California Court of Appeal’s determination that Hightower’s due process rights were not violated by the prosecutor’s conduct was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). First, Hightower has not cited, nor could we find, any Supreme Court case establishing that it is improper, let alone a violation of a defendant’s constitutional rights, to jointly prepare government witnesses. Moreover, even assuming that the joint preparation of the witnesses was improper, we cannot say that it had a “ ‘substantial and injurious effect or influence in determining the jury’s verdict.’ ” Brecht v. Abrahamson, 507 U.S. 619, 631, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). Both witnesses testified prior to the trial and then-meeting with the prosecutor, and Hightower cites no inconsistencies between then-earlier statements and their trial testimony.
Second, Hightower has not shown that clearly established federal law required the prosecutor to disclose her joint preparation, or that such disclosure constituted “impeaching evidence” subject to the requirements of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). In any event, the record shows that even without knowledge of the joint preparation, Hightower’s trial counsel was able to cross-examine Martin effectively and put forth the theory that she had consciously tailored her testimony to emulate Duszik’s. Thus, even assuming some obligation on the part of the prosecutor to disclose the fact of the joint preparation, the record demonstrates no prejudice. See Brecht, 507 U.S. at 631, 113 S.Ct. 1710; see also United States v. Bagley, 473 U.S. 667, 677-78, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).
Finally, we conclude that the prosecutor’s statements in closing did not “ ‘so infectf] the trial with unfairness as to make the resulting conviction a denial of due process.’” Darden v. Wainwright, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)). The prosecutor simply stated that the two witnesses did not “know each other,” commenting on the unlikelihood that two witnesses who did not know each other at the time of their respective assaults would relay such similar stories. Although the witnesses had met during the preparation, they had not met or known each other at the time each accused Hightower of rape. Accordingly, read in context, the statements are accurate and cannot be viewed as a violation of Hightower’s due process rights.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Because the parties are familiar with the facts of this case, we repeat them here only as necessary to the disposition of this case.

. We assume without deciding that Hightower exhausted his claim concerning the prosecutor's statements in closing argument, and therefore do not reach respondents’ contentions regarding waiver.